# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARCHEEM ERIC NELSON, : | |
|     Plaintiff : | |
| : | No. 1:23-cv-01852 |
| v. : | |
| : | (Judge Rambo) |
| JAKE SCOTT, *et al.*, : | |
|     Defendants : | |

## MEMORANDUM

Pro se Plaintiff Karcheem Eric Nelson ("Nelson") initiated this case through the filing of a civil rights complaint pursuant to 42 U.S.C. § 1983 on November 7, 2023. (Doc. No. 1.) Defendants Briggs and Dauphin County Prison moved to dismiss the complaint on March 5, 2024. (Doc. No. 19.) Mail to Nelson was then returned to the court as undeliverable on March 28, 2024. (Doc. No. 25.) The court accordingly issued an order on April 2, 2024, requiring Nelson to update his address within thirty days and stating that if he did not do so he would be required to show cause as to why the case should not be dismissed for failure to prosecute. (Doc. No. 26.) Nelson did not respond, so the court issued an order on May 13, 2024, requiring Nelson to show cause as to why the case should not be dismissed for failure to prosecute within thirty days, or no later than June 12, 2024. (Doc. No. 33.) Nelson again failed to respond, and mail to him was returned to the court as undeliverable on May 30, 2024. (Doc. No. 34.) The court has not received any communications from Nelson since he filed this case on November 7, 2023.

I.  **Legal Standard**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b). When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the court must balance the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868. Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

II.  **Discussion**

Beginning with the first *Poulis* factor, because Nelson is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders requiring him to update his address. *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). The first *Poulis* factor accordingly weighs in favor of dismissal.

The second *Poulis* factor—prejudice to the adversary—also weighs in favor of dismissal. Nelson's failure to update his address or participate in this case in

any way makes it impossible for the case to be litigated or resolved, causing continued uncertainty as to whether Defendants will be held liable for his claims.

As to the third factor, a history of dilatoriness, Nelson has failed to comply with multiple orders requiring him to update his address. Nelson's failure to comply with court orders demonstrates an intention to discontinue this litigation. *See, e.g.*, *Cohn v. PSU*, No. 1:20-cv-00961, 2022 WL 2231826, at *9 (M.D. Pa. June 21, 2022). The third factor accordingly weighs in favor of dismissal.

The court finds that the fourth and fifth *Poulis* factors, whether Nelson's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal, also weigh in favor of dismissal. First, Nelson's failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives. *See id.* Second, because Nelson has not communicated with the court in any manner since filing his complaint and has failed to update his address, the court is without any viable alternative to dismissal.

The court finds that the sixth factor, the meritoriousness of plaintiff's claims, weighs slightly against dismissing this case. The court conducted a mandatory screening of the complaint pursuant to the Prison Litigation Reform Act and concluded that there was enough merit for the complaint to be served on Defendants. (*See* Doc. No. 9.) Nevertheless, because the court has not analyzed Defendants' motion to dismiss or any other arguments Defendants might make

3

regarding the merits of Nelson's claims—and has no cause to do so now—this factor weighs only slightly in favor of dismissal.

In sum, upon balancing the *Poulis* factors, the court finds that the factors weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Nelson's failure to prosecute. In light of Nelson's failures to comply with the court's orders and silence since filing the case, and given that he has yet to respond to the court's show-cause order, the court will dismiss this action with prejudice. *See Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order"). Defendants' pending motion to dismiss will be denied as moot in light of this conclusion.

### III. Conclusion

For the foregoing reasons, the court will dismiss this case with prejudice for Nelson's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and deny Defendants' motion to dismiss as moot. An appropriate order follows.

                                                   s/ Sylvia H. Rambo
                                                   United States District Judge

Dated: June 18, 2024